December, 1824.

Curtis Ladd
v.
Sarah F. Cho-
lard.

---

## Wilson *against* Outlaw.

*December*, 1824.

**JUDGE** *Minor* delivered the opinion of the majority of the Court.

In margin: In action for wrongfully suing out attachment, it is not necessary to prove malice.

In this case the declaration charges that *Wilson*, without any just or probable cause procured an original attachment to be issued and levied on the property of *Outlaw* as an inhabitant of another State. Plea, not guilty and issue. By the bill of Exceptions it appears that on the trial the Circuit Court charged the Jury that in this action it was essential to prove malice. This charge is here assigned as Error.

No reported case of an action for wrongfully suing out an attachment has been cited at the bar, nor is there any within my recollection. In the case of *Lindsey* against *Larned,* in 17 Mass. R. 191, relied on by the counsel for the defendant in Error, the plaintiff declared that defendant commenced an action against him in *Massachusetts* on the 1st of *January,* 1819, and in that suit caused his property to be attached: that in *May,* 1819, defendant well knowing of the suit then pending in *Massachusetts,* commenced another action for the same cause against plaintiff in *East Florida,* and there caused him to be arrested, and his property to be attached, and held in custody for 30 days, when this suit

was dismissed and the attachment discharged on account of the prior suit pending in *Massachusetts.* The Court there held that malice was a necessary ingredient of the action. The *Gravamen* of the charge in that case appears to have been the commencement of the second action, which the first was pending. The Court seem to have considered the case solely on the principles of the liability of a party, who had brought an action without sufficient cause, and which he failed to sustain. The particular character of the process by which the plaintiff's effects were *attached,* or the laws of *Florida* regulating such proceedings, do not appear to have been considered as involved in the case. In actions for malicious prosecution or malicious arrest, the malice of defendant must be proved or implied from the circumstances, to entitle the plaintiff to recover. Is the action for wrongfully suing out an attachment to be regulated by the same principles? The original attachment is a process created by Statute, authorized only in particular cases, its abuse carefully guarded against, and the remedy pursued in this way always held liable to strict construction. By our Statute regulating it (Laws Ala. 15, 19,) the plaintiff in an action so commenced is required to give bond and security conditioned to satisfy the defendant all costs and damages " awarded for wrongfully suing " out," (Act of 1807) or all such damages as he or she may sustain by the wrongful or vexatious suing out of such attachment (Act 1814.) In providing this extraordinary remedy for the plaintiff, the Legislature intended also to protect the rights of defendants. It was obvious that the taking and detention of his property might be ruinous to the owner, although there was no sort of malice or corrupt motive in the party at whose suit it might be attached. Why should the condition prescribed for the bond be " to pay all damages sustained by the wrongful or vexa- " tious suing out" if it had been the intention of the Legislature that no damages should be recovered unless for the malicious suing out? If such had been their intention, would not the term malicious readily have occurred and been used instead of those employed? A verbal criticism can hardly be necessary to prove that the party whose property is attached may find the proceeding wrongful and vexatious, that the suing it out may be ruinous to his credit and circumstances, though obtained without the least malice towards him. The Statutes define the cases in which the original attachment may issue. If the plaintiff, under colour of such process, do, or procure to be done, what the Law has not authorized, and the defendant is thereby in-

DECEMBER, 1824.

Wilson
v.
Outlaw.

jured, it seems clear, that he is in such case, as much as in any other, entitled to redress from the party *whose illegal* or " *wrongful* " act has occasioned the injury, although it may have been done without malice.

Judges *Ellis* and *Crenshaw* concurred.

Judge *Gayle.*—It is my opinion that malice must be proved to enable the plaintiff in this action to recover. By the common law, in all actions of this nature, for malicious prosecution or arrest, how much so ever the party may be injured, an action cannot be sustained without proof of malice, and want of probable cause. Of our absolute rights the right of personal liberty is second in grade; and yet its violation, if there be probable cause, will not afford ground for the recovery of damages. Can the temporary deprivation of property by the process of attachment afford any stronger claim for remuneration? Damages cannot be recovered for an arrest made or suit brought without sufficient cause unless malice be proved. The litigious disposition that seeks its gratification in commencing groundless suits to the annoyance of defendants, is regarded as being sufficiently punished by the payment of costs.

The process of attachment for the recovery of a debt was unknown to the common law; but since the monied transactions of mankind have multiplied, and they have acquired new facilities in effecting a change of residence, the necessity for originating suits in this way has become universally obvious'; and the attachment law in one form or other has been adopted wherever the collection of debts is an object of civil polity. In this country this mode of proceeding is as necessary as the common law method of instituting a suit by summons or writ. The Statutes then which authorise and regulate the writ of attachment, while they should be construed *with such strictness as to prevent its abuse, should in all cases where there is room for construction, be so construed as to effect their object.* By our Statute, before a plaintiff can be entitled to this remedy he must made the affidavit and give the bond and security as prescribed by the law. In both the Statute seems to refer directly to the motive. The affidavit evidently does. In the case at bar it seems that the plaintiff in the attachment recovered of the defendant, now plaintiff in this action, an amount somewhat less than the sum demanded by the attachment. The plaintiff in the attachment then had good cause of action, and it is not alleged that he adopted this mode of instituting his suit from malice or any improper

Wilson.
v.
Outlaw.

motive, he may have failed in his proof on the trial, or his demand may have been reduced by motives of set off which he could not anticipate.    When the parties have had mutual dealings to a considerable amount, or where the amount of the debt due is to be ascertained by a calculation, mistakes and errors are likely to occur.    And yet it is said that if the plaintiff in the attachment be mistaken in any of these particulars, he subjects himself to an action for suing it out wrongfully.

It seems to me that the construction given to the *Statute* by the decision of a majority of the Court will operate to deter honest creditors from resorting to this method (in many cases necessary for their security) to obtain payment of their just demands.

The Chief Justice absent.

Judge *Saffold* having presided on the trial in the Circuit Court, gave no opinion.

Judgment reversed and cause remanded.

*H. G. Perry*, for plaintiff.

*White* and *Gordon*, for defendant in Error.